# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JANE DOE,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:09-CV-02152-RDP** |
| | } | |
| **KEITH W KELLY, et al.,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

This case is before the court on motions to dismiss filed by Defendants Murphy, Bingham and Howell (hereinafter "Defendant Supervisors"), and by Defendant Flowers. (Docs. # 3 and 7). Plaintiff has responded to the motion filed by Defendant Supervisors, and they have replied. (Docs. # 8 and 9). No response has been submitted to Defendant Flowers' motion to dismiss.[1]

### I.   Facts

Plaintiff's Complaint alleges that she was caught shop-lifting in the Pelham, Alabama Wal-Mart on September 23, 2007. Defendant Keith Kelly, an Alabama State Trooper, was present while off duty in the Wal-Mart and witnessed Plaintiff placing items in her bag for which she did not pay. Defendant Kelly confronted Plaintiff in the parking lot, and escorted her back into the store to talk to the manager on duty. After Wal-Mart decided not to press charges, Defendant Kelly obtained

---

[1] On October 26, 2009, the court issued a briefing schedule on the Defendant Supervisors' Motion to Dismiss, which sent out "Exhibit B, Non-Summary Judgment Motion Briefing Schedule." (Doc. # 5). According to the terms of the October 26, 2009 Order, "Any non-summary judgment motions filed after the entry of this order SHALL comply with the provisions of Exhibit B without further order from the court." Defendant Flowers' Motion to Dismiss was filed after the entry of the October 26, 2009 Order.

Plaintiff's cell phone number, ostensibly so that he could later let her know whether charges would be filed against her.

On September 24, 2007, Plaintiff and Defendant Kelly spoke and arranged to meet when he would be on duty on September 26, 2007.  On September 26, 2007, Plaintiff met Defendant Kelly at a service station and got in the patrol car with him to discuss the possible charges against her. Plaintiff alleges, essentially, that Defendant Kelly used the threat of prosecution to convince her to perform oral sex on him.  Thereafter, Plaintiff reported this incident and Defendant Kelly was arrested.  Plaintiff further alleges that, a few days after Defendant Kelly's arrest, Defendant Michael Roberts attempted to bribe her to drop her charges against Defendant Kelly.  Defendant Roberts was arrested for this conduct.  (Doc. # 2, Ex. 1).

On September 23, 2009, Plaintiff filed a civil Complaint in the Circuit Court of Shelby County, Alabama against Defendants Kelly and Roberts, as well as against Defendants Smith, Waley, Goodner, Wade, Cook, Hallford, Coppage, Flowers, Murphy, Bingham, Howell and certain fictitious defendants.  All of the Defendants are sued "individually and in their personal capacities." (Doc. # 2, Ex. 1).  On October 26, 2009, Defendants removed this action because Plaintiff's Complaint asserts federal claims under 28 U.S.C. § 1983.

In regards to the Defendant Supervisors – Murphy, Bingham, and Howell –  Plaintiff's Complaint asserts a claim under Section 1983, alleging that they "acted with deliberate indifference to [Plaintiff's] constitutional rights by maintaining customs or policies ... that were deliberately indifferent to [Plaintiff's] constitutional rights ... and knowingly allowed defendant Kelly and other Alabama State Troopers under their supervision or command to deprive [Plaintiff] and other individuals of their Fourth and Fourteenth Amendment rights ... ."  (Doc. # 2, Ex. 1).  Defendant

Flowers and the Defendant Supervisors, together with all other Defendants besides Kelly and Roberts, are also the subject of Plaintiff's Negligent Hiring and Retention claim. More specifically, the Complaint asserts the following claims:

1. Count One - Section 1983 against Defendants Kelly, Murphy, Bingham, and Howell;

2. Count Two - False Imprisonment against Defendant Kelly;

3. Count Three - Ala Code § 6-5-370 against Defendant Roberts;

4. Count Seven (*sic*) - Conspiracy against Defendants Kelly and Roberts;

5. Count Eight - Outrageous Conduct against Defendants Kelly and Roberts;

6. Count Nine - Negligence against Defendant Kelly;

7. Count Ten - Wantonness against Defendant Kelly; and

8. Count Eleven - Negligent Hiring and Retention against Defendants Smith, Waley, Goodner, Wade, Cook, Hallford, Coppage, Flowers, Murphy, Bingham, Howell and certain fictitious defendants.

The Defendant Supervisors' motion to dismiss is filed pursuant to Federal Rule of Civil Procedure 12(b)(6) and contends that Plaintiff's Section 1983 claim against them is due to be dismissed because they are entitled to the defense of qualified immunity. (Doc. # 3). Defendant Flowers' motion is also filed pursuant to Rule 12(b)(6), and contends that he is entitled to qualified immunity on Plaintiff's negligent hiring and retention claim. (Doc. # 7). The court will address the Section 1983 claim (as against the Defendant Supervisors) and the negligent hiring and retention claim in turn.

II.    **Discussion**

A.    **Count One - Section 1983 as to Defendants Murphy, Bingham, and Howell**

"Qualified immunity may be asserted on a pretrial motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Sarver v. Jackson*, 2009 WL 2776469 (11th Cir. 2009) (citing *Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002)). "To survive dismissal for failure to state a claim, 'a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Sarver*, 2009 WL 2776469 at *1, n.2 (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007 )).

To successfully assert the defense of qualified immunity, "the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Davis v. Carter*, 555 F.3d 979, 981 (11th Cir. 2009) (internal quotation marks omitted) (quoting *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (in turn quoting *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002))). Thereafter, the court conducts a two-part inquiry: the court must determine whether the facts alleged in the complaint show the alleged conduct violated the person's constitutional rights and whether the right was clearly established. *Kingsland v. City of Miami*, 382 F.3d 1220, 1232  (11th Cir. 2004).[2]

---

[2] "[T]he two prongs of the qualified immunity analysis may be addressed in either order." *Vaughn v. City Orlando*, 2009 WL 3241801, * 5 (M.D. Fla. 2009) (citing *Pearson v. Callahan*, 129 S.Ct. 808, 818-22 (2009)).

4

### 1.    The Defendant Supervisors Were Acting Within the Scope of Their Discretionary Authority

Plaintiff disputes that the Defendant Supervisors are able to meet the initial threshold requirement for their qualified immunity defense, *i.e.* that they were acting within the scope of their discretionary authority.  However, a review of the allegations of Plaintiff's Complaint reveals that Plaintiff's only allegations against the Defendant Supervisors relate to their supervision of other Troopers and their development and/or application of certain unspecified customs or policies.  That is, Plaintiff's allegations center on the Defendant Supervisors' actions while acting within the scope of their employment, *i.e.*, their employment as supervisors over other Troopers and with authority to enforce customs and policies.  These types of functions are discretionary.  *See Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265-66 (11th Cir. 2004) (holding a defendant performed a discretionary function if he: "(a) perform[ed] a legitimate job-related function (that is, pursu[ed] a job-related goal), (b) through means that were within his power to utilize"); *Sarver*, 2009 WL 2776469 at * 1 (same).  Thus, because Plaintiff's claims are based upon the Defendant Supervisors' performance of job-related functions, Plaintiff's argument that they have failed to establish that they were acting within their discretionary authority is without merit. Plaintiff's allegations against the Defendant Supervisors relate solely to job-related, discretionary functions.

### 2.    The Defendant Supervisors are Entitled to Qualified Immunity

"Once discretionary authority is established, the burden then shifts to the plaintiff to show that qualified immunity should not apply." *Lewis v. City of West Palm Beach, Fla.*, 561 F.3d 1288, 1291 (11th Cir. 2009) (citing *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002)).[3]  Turning to

---

[3] Plaintiff does not even reach this aspect of the qualified immunity analysis.  Instead, Plaintiff's opposition to the Defendant Supervisors' motion relies exclusively on the argument that

the two-pronged inquiry, the constitutional violation alleged against the Defendant Supervisors is somewhat circular. This problem arises because there are no allegations that the Defendant Supervisors actually took any action with regard to Plaintiff. Specifically, Plaintiff alleges that the Defendant Supervisors "acted with deliberate indifference to [Plaintiff's] constitutional rights by maintaining customs or policies ... that were deliberately indifferent to [Plaintiff's] constitutional rights ... and knowingly allowed defendant Kelly and other Alabama State Troopers under their supervision or command to deprive [Plaintiff] and other individuals of their Fourth and Fourteenth Amendment rights ... ." (Doc. # 2, Ex. 1). Thus, Plaintiff's complaint only alleges that the Defendant Supervisors are liable in their supervisory capacities to Plaintiff for Defendant Kelly's actions. "It is well-established that § 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or respondeat superior." *Amnesty Intern., USA v. Battle*, 559 F.3d 1170, 1180 (11th Cir. 2009) (citing *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1396 (11th Cir.1994)); *see also Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003).

Assuming without deciding that Plaintiff's Complaint has alleged what amounts to a constitutional violation, that violation was allegedly committed by Defendant Kelly. There is no allegation that the Defendant Supervisors personally participated in, or in any way directed, the activities involving Defendant Kelly. Rather, it is alleged that the Defendant Supervisors created an environment where such actions could occur. "Supervisors are liable under § 1983 when 'the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation.'" *Amnesty Intern., USA*, 559 F.3d at 1180-81 (quoting *Gonzalez*, 325 F.3d at 1234). "A causal

---

they are unable to establish that they were engaged in a discretionary function.

connection can be established by, *inter alia*, 'facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (quoting *Gonzalez*, 325 F.3d at 1234). "There are three ways to establish such a causal connection:

> when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Alternatively, the causal connection may be established when a supervisor's custom or policy ... result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."

*Harper v. Lawrence County, Ala.*, 584 F.3d 1030, 1039 (11th Cir. 2009) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Harper*, 584 F.3d at 1039 (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999)). "The standard for supervisory liability in situations such as this, when the defendant supervisor was not present during the constitutional violation, is 'extremely rigorous.'" *Sherill v. City of Prattville,* 2005 WL 3277979 *2 (M.D. Ala. 2005) (quoting *Braddy v. Florida Dep't. of Labor & Empl. Sec.*, 133 F.3d 797, 802 (11th Cir.1998)).

Plaintiff's Complaint alleges that the Defendant Supervisors maintained "customs and practices" which allowed Defendant Kelly's conduct, that there was a "history of widespread abuse" that was "obvious, flagrant, rampant and of continued duration."  Although Plaintiff's Complaint parrots the applicable legal standards, it does not provide any factual allegations to support these allegations.  The Complaint contains no examples of any instances of prior abuse.  If there is any factual basis for the assertion that the abuse was "obvious, flagrant, rampant and of continued

7

duration," then Plaintiff should be able at this point to, at a minimum, allege that factual basis in her Complaint.[4]   The Complaint is simply devoid of any such instances or allegations.  (*See* Doc. # 2, Ex. 1).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fleshing out the meaning of Rule 8, "[t]he Supreme Court has clarified that to satisfy Rule 8, 'factual allegations must be enough to raise a right to relief above the speculative level.'" *Harper*, 584 F.3d 1030 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007).  "However, this Circuit has tightened the application of Rule 8 in section 1983 cases where qualified immunity is at issue, like this one. In such cases, the 'heightened pleading standard' applies and '[s]ome factual detail in the pleadings is necessary.'" *Harper*, 584 F.3d 1030 (quoting *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir.1998), and citing *Danley v. Allen*, 540 F.3d 1298, 1314 (11th Cir.2008) ("Under the heightened pleading requirement, the relevant facts must be alleged with some specificity.")). Moreover, "the defense of qualified immunity should be resolved at the earliest possible procedural moment, [therefore], the complaint must allege sufficient facts for the court to determine whether" it applies. *Gonzalez*, 325 F.3d at 1233.  The dearth of factual detail in Plaintiff's Complaint defeats

---

[4] In *Harper*, the Eleventh Circuit denied the qualified immunity defense to the supervisors in that case.  However, the *Harper* complaint detailed an incident similar to the one injuring the plaintiff that occurred approximately a month prior to the incident involving Plaintiff.  *Harper,* 584 F.3d at 1039-40.  "[G]iven the Complaint's factual detail about Harper's incident and the similar incident involving Parker just one month before, as well as the specific allegations regarding the customs or policies put in place by the supervisors," the Eleventh Circuit held that Harper had sufficiently alleged causation on his Section 1983 claim against the supervisors. *Id.*   In contrast to the complaint in *Harper*, Plaintiff's Complaint here contains no factual detail about any other incident despite her claim that the instances of alleged abuse were "obvious, flagrant, rampant and of continued duration."

her attempt to establish causation between the Defendant Supervisors' conduct and the alleged violation of her constitutional rights.  Therefore the Defendant Supervisors are entitled to qualified immunity on Plaintiff's Section 1983 claim.

**B.      Count Eleven - Negligent Hiring and Retention Against the Individual Defendants**

Defendant Flowers' Motion to Dismiss addresses this claim and, apparently in abundance of caution, "any presumptive individual capacity federal claims," although Defendant Flowers was not named in Plaintiff's Section 1983 claim.  Only Defendant Flowers has moved to dismiss this claim.

The first question[5] to address when evaluating this claim is whether a cause of action against a supervisory employee for negligent hiring or retention exists under Alabama law.  The decision by the United States District Court for the Southern District of Alabama in *Ott v. City of Mobile*, 169 F.Supp.2d 1301, 1314 (S.D. Ala. 2001), suggests that it does not.  Although in *Ott*, the negligent hiring and retention claims were abandoned, and only negligent supervision and training claims remained before the court, relying on Alabama law, the *Ott* decision recognized that a negligent supervision or training claim requires the existence of a master-servant relationship.  *Ott*, 169 F.Supp.2d at 1314-15.   In light of this requirement, the court ultimately concluded that "no such cause of action exists" against an individual supervisor in his individual capacity because, in that capacity, an individual supervisor does not stand in the "master" role.  *Id.*  This same logic would apply to a negligent hiring and retention claim.  Because none of the individual defendants in this case (who are all only sued in their individual capacities) stand in the "master" role with respect to either Defendants Kelly or Roberts in their individual capacities, Plaintiff's negligent hiring and

---

[5] Although none of the Defendants has raised this question, the court will do so *sua aponte*,

retention claim is due to be dismissed not only against Defendant Flowers, but also against all of the individual defendants. *See Ott*, 169 F.Supp.2d at 1315.

But even if such a cause of action against the individual supervisors in their individual capacities existed, many of the named defendants in this case are alleged in the Complaint to be what would amount to "peace officers" as defined in Ala.Code § 6-5-338. Therefore, under § 6-5-338, they would be entitled to discretionary function immunity on Plaintiff's negligent hiring and retention claims. "In Alabama, law enforcement officers, such as [state troopers], enjoy statutory immunity from suit for the 'performance of any discretionary function within the line and scope of his or her law enforcement duties.'" *Wood v. Kesler*, 323 F.3d 872, 883 (11th Cir. 2003) (quoting Ala.Code § 6-5-338). "This provision also affords certain immunity to state agents in their individual capacities." *Wood*, 323 F.3d at 883, n.19; *see also*, *Ex Parte Butts*, 775 So.2d 173, 177-78 (Ala. 2000); *Ex Parte Cranman*, 792 So.2d 392 (Ala. 2000). Section 6-5-338 "extends discretionary-function immunity to law-enforcement officers 'unless the officer's conduct is so egregious as to amount to willful or malicious conduct or conduct engaged in in bad faith.'" *McClure v. Houston County, AL.*, 306 F.Supp.2d 1160, 1168 (M.D.Ala. 2003) (quoting *Couch v. City of Sheffield*, 708 So.2d 144, 153 (Ala.1998)).

The first question to address in evaluating peace officer immunity under § 6-5-338 is "whether the officer was engaged in a discretionary function. If so, the burden shifts to the plaintiff to show that the state officer acted in bad faith, with malice or willfulness in order to deny immunity." *McClure*, 306 F.Supp.2d at 1168 (citing *Sheth v. Webster*, 145 F.3d 1231, 1238-39 (11th Cir. 1998)). "'[H]iring, training, and supervision ... are within the line and scope of [an] officer['s] law enforcement duties and require the exercise of judgment under the given

circumstances.'" *McClure*, 306 F.Supp.2d at 1168 (quoting *Hardy v. Town of Hayneville*, 50 F.Supp.2d 1176, 1195 (M.D. Ala. 1999); *see also Sherill v. City of Prattville,* 2005 WL 3277979, *4 (M.D. Ala. 2005); *Phillips v. Thomas*, 555 So.2d 81, 83 (Ala. 1989). Therefore, these acts are discretionary in nature. Moreover, because Plaintiff "must show bad faith, malice, or willfulness to overcome discretionary function immunity, he cannot state a claim against [Defendants] for negligence." *Hardy*, 50 F.Supp.2d at 1195. Therefore, Plaintiff's negligent hiring and retention claims, to the extent they are cognizable claims, are due to be dismissed against any alleged "peace officer" Defendants pursuant to § 6-5-338. According to the allegations of Plaintiff's Complaint, this would include, at a minimum, Defendants Smith, Waley, Goodner, and Wade. (*See* Doc. # 2, Ex. 1).

Defendant Flowers' Motion to Dismiss asserts that he is also entitled to qualified immunity from liability on Plaintiff's negligent hiring and retention claim. His argument in this regard would apply equally to the other individual Defendants named in Plaintiff's negligent hiring and retention claim, including the Defendant Supervisors. "'[Q]ualified immunity,' also known under state law principles as 'substantive immunity,' 'shields a state employee from liability if the employee is engaged in a discretionary act, instead of a ministerial one, when the alleged tortious conduct occurs.'" *Love v. Davis*, 14 F.Supp.2d 1273, 1277-78 (N.D. Ala. 1998) (quoting *Ex parte Ala. Dep't of Forensic Sciences*, 709 So.2d 455, 458 (Ala.1997)). "'Whether a state employee's action was discretionary or merely ministerial is a question of law to be decided by the trial court.'" *Love*, 14 F.Supp.2d at 1277-78 (quoting *Ex parte Ala. Dep't of Forensic Sciences*, 709 So.2d at 458). As explained above, hiring and retention are discretionary functions. Because Plaintiff's allegations sound in negligence, rather than an intentional tort, Plaintiff is unable to show that Defendants acted

11

with "bad faith, malice, or willfulness" so as to overcome qualified immunity on this claim (even if it were cognizable under Alabama law). *See Hardy,* 50 F.Supp.2d at 1196 (allowing the plaintiff to proceed against the individual defendant-supervisor on intentional torts, but not on the claim based on negligent hiring). Therefore, Plaintiff's negligent hiring and retention claim is also due to be dismissed against the remaining Defendants – Cook, Hallford, Coppage, Flowers, Murphy, Bingham and Howell – who are all alleged to be state agents or employees, on the grounds of qualified immunity.

## III.   <u>Conclusion</u>

For the foregoing reasons, the motions to dismiss filed by Defendants Murphy, Bingham and Howell (Doc. # 3), and by Defendant Flowers (Doc. # 7) are due to be granted. Count One of Plaintiff's Complaint under Section 1983 against the Defendant Supervisors, Murphy, Bingham, Howell, and Count Eleven, alleging Negligent Hiring and Retention, in its entirety, are due to be dismissed with prejudice. A separate order will be entered.

**DONE** and **ORDERED** this ____11th____ day of December, 2009.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE